IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT DUNCAN,<br><br>    Petitioner,<br><br>  v.<br><br>COMMONWEALTH OF PENNSYLVANIA, *et al.*,<br><br>    Respondents | CIVIL ACTION NO. 19-6109 |

## ORDER

In December 2014 and again in July 2016, Robert Duncan ("Petitioner") was charged with driving under the influence and other related offenses.[1] Petitioner filed an amended *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in relation to both of his state criminal cases to seek the extraordinary remedy of pretrial habeas relief.[2] The Petition was referred to Magistrate Judge Carol Sandra Moore Wells, who issued a Report and Recommendation ("R&R") recommending that Petitioner's claims be dismissed without prejudice for failure to exhaust state court remedies.[3] For the following reasons, the Court approves and adopts the R&R, and dismisses Petitioner's habeas petition without prejudice.

**I. BACKGROUND**

On December 7, 2014, Petitioner was arrested and charged with two counts of driving under the influence and one count of providing false identification to a law enforcement officer.

---

[1] *Commonwealth v. Malone*, Crim. Dkt. Nos. CP-51-CR-0012189-2015; CP-51-CR-0004743-2017. Petitioner does not appear to have been incarcerated as a result of these charges. However, for the purposes of seeking habeas relief, a petitioner may be considered in custody even if he is not in "actual, physical custody." *Jones v. Cunningham*, 371 U.S. 236, 239 (1963); *see also Jordon v. Att'y Gen.*, 424 F.3d 320, 325 n.6 (3d Cir. 2005) ("[P]hysical detention is not required for a petitioner to meet the 'in custody' requirement of § 2241.").

[2] Pet'r. Revised Pet. [Doc. No. 6].

[3] R.&R. [Doc. No. 16].

Petitioner was found guilty in municipal court on July 29, 2015.[4] On December 3, 2015, Petitioner was sentenced to confinement for a minimum of seventy-two hours and a maximum of six months.[5] Petitioner then exercised his right to a trial *de novo* in the Philadelphia Court of Common Pleas.[6] According to his state court docket, he is currently awaiting sentencing, which is scheduled for May 2, 2022.[7]

On July 6, 2016, Petitioner was again arrested and charged with four offenses related to driving under the influence and driving while his license was suspended. On April 5, 2017, Petitioner was found guilty in municipal court on two counts of DUI-related charges,[8] and was sentenced to confinement for a minimum of six days and a maximum of thirty days, followed by five months of probation, on June 2, 2017.[9] Petitioner exercised his right to a trial *de novo* in the Philadelphia Court of Common Pleas and according to the state court docket, has not yet been retried on the 2016 charges.

## II.    LEGAL STANDARD

Federal habeas corpus is typically a remedy that is available to individuals convicted in state court.[10] Although pretrial habeas review is warranted under very limited circumstances,[11] a writ of habeas corpus usually "may not be granted unless the applicant has exhausted remedies

---

[4] State Ct. Crim. Dkt. No. CP-51-CR-0012189-2015 at 4.

[5] State Ct. Crim. Dkt. No. CP-51-CR-0012189-2015 at 4.

[6] State Ct. Crim. Dkt. No. CP-51-CR-0012189-2015 at 4.

[7] State Ct. Crim. Dkt. No. CP-51-CR-0012189-2015 at 3.

[8] State Ct. Crim. Dkt. No. CP-51-CR-0004743-2017 at 4.

[9] State Ct. Crim. Dkt. No. CP-51-CR-0004743-2017 at 4.

[10] *Moore v. DeYoung*, 515 F.2d 437, 441 (3d Cir. 1975).

[11] *Id.* at 442–43.

available in state court or unless there is an absence of available corrective state process or state remedies are ineffective."[12] "Exhaustion requires that the petitioner give the state courts an opportunity to review his allegations of error before seeking relief in the federal court."[13] In Pennsylvania, a state prisoner satisfies the exhaustion requirement by fairly presenting a constitutional claim to the Court of Common Pleas and to the Superior Court.[14] A pretrial petitioner may pursue § 2241 relief "without exhausting state remedies in 'extraordinary circumstances,' which might exist when there is a showing of 'delay, harassment, bad faith, or other intentional activity' on the part of the state."[15]

### III. DISCUSSION

Petitioner is awaiting sentencing in the case concerning his 2014 charges, and he is awaiting trial on his 2016 charges.[16] Thus, Petitioner has not completed state-court review. Petitioner alleges that Respondents' "true goal isn't to[] retr[y] Petitioner . . . [b]ut, to further delay and continue to harass Petitioner during his await[ed] . . . retrial."[17] He argues that even though he has not "exhausted all his state-court remedies under 2241," relief may still be granted because of (1) delays in his criminal proceedings, (2) "criminal trial fixing," and (3) conflicts of

---

[12] *Coady v. Vaughn*, 251 F.3d 480, 488 (3d Cir. 1995) (internal quotation marks omitted). "The habeas petitioner has the burden of proving exhaustion of all available state remedies." *Id.*

[13] *Rodriguez v. Mahally*, No. 17-2160, 2021 WL 199540, at *2 (E.D. Pa. Jan. 20, 2021) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995))).

[14] *Lambert v. Blackwell*, 387 F.3d 210, 233–34 (3d Cir. 2004).

[15] *Reese v. Warden*, 904 F.3d 244, 246 n.2 (3d Cir. 2018) (quoting *Moore*, 515 F.2d at 447 n.12).

[16] *See* State Ct. Crim. Dkt. No. CP-51-CR-0012189-2015; State Ct. Crim. Dkt. No. CP-51-CR-0004743-2017.

[17] Pet'r. Resp. R&R [Doc. No. 17] at 2.

interest.[18] However, Petitioner has "failed to exhaust any of his cognizable claims in state court or to establish the existence of any extraordinary circumstances" that would warrant federal court intervention at this stage.[19]

The right to a speedy trial does not constitute "a per se extraordinary circumstance."[20] The delays described in the Petition, many of which appear to be attributable to continuances requested by Petitioner, do not rise to the level of "extraordinary circumstances" that would justify intervention by the Court, especially as it does not appear that Petitioner has been incarcerated while the cases have been pending. Further, Petitioner's allegations of "criminal trial fixing" and conflicts of interest, to the extent that they implicate his due process or other constitutional rights, can be addressed on direct appeal and do not warrant pretrial habeas relief.

Claims relating to Petitioner's right to a speedy trial, along with any other claims, may be raised within the state judicial system. Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the one-year statute of limitations to file a petition in federal court begins to run once a judgment becomes final.[21] The R&R correctly notes that the clock has not started because Petitioner has no final judgment of conviction.[22] Dismissal without prejudice will

---

[18] Pet'r. Revised Pet. [Doc. No. 6]; Pet'r. Resp. R&R [Doc. No. 17] at 2–3. Petitioner also contends that his cases should be considered "nullities," but this allegation does not appear in his Revised Petition and will not be addressed by the Court. Pet'r. Resp. R&R [Doc. No. 17] at 3.

[19] *Sleets v. Pennsylvania*, No. 16-930, 2018 WL 1570814, at *1 n.1 (E.D. Pa. Mar. 29, 2018); *see also Byrd v. Blackman*, No. 06-1990, 2006 WL 2924446, at *1 n.1 (E.D. Pa. Oct. 5, 2006).

[20] *Moore*, 515 F.2d at 446 (internal quotation marks omitted). Courts have declined to find that delays of three to six years qualify as extraordinary circumstances for the purpose of pretrial habeas relief. *See Reels v. Carney*, No. 19-1164, 2019 WL 1877587, at *3 (E.D. Pa. Apr. 4, 2019) (collecting cases).

[21] 28 U.S.C. § 2244(d)(1)(A).

[22] *See Kapral v. United States*, 166 F.3d 565, 573 (3d Cir. 1999) (quoting 28 U.S.C. § 2244(d)(1)(A)) (a state court judgment becomes final at "the conclusion of direct review or the expiration of the time for seeking such review[.]").

allow Petitioner to file under the AEDPA once his convictions are final.[23] Accordingly, Petitioner's claims are dismissed without prejudice to the filing of a § 2254 petition after Petitioner has exhausted his claims in state court.

**AND NOW,** this 29th day of April 2022, upon careful and independent consideration of the Petition for Writ of Habeas Corpus, and all related filings, and upon review of the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells and Petitioner's objections thereto, it is hereby **ORDERED** that:

1. Petitioner's objections to the Report and Recommendation are **OVERRULED**;
2. The Report and Recommendation is **APPROVED** and **ADOPTED**; and
3. The Petition for Writ of Habeas Corpus will be dismissed by separate Order.

It is so **ORDERED.**

BY THE COURT:

/s/ Cynthia M. Rufe

**CYNTHIA M. RUFE, J.**

---

[23] *See, e.g., Crews v. Horn*, 360 F.3d 146, 151–52 (3d Cir. 2004) (holding that a district court should not dismiss a habeas petition without prejudice if the AEDPA would potentially bar the petitioner from returning to federal court after attempting to exhaust unexhausted claims).